937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick H. PRINCE and Diana C. Prince, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-1143.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 30, 1990.
Decided July 11, 1991.
Rehearing Denied Sept. 13, 1991.
 
 Before WOOD, JR., COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Frederick and Diana Prince appeal the tax court's finding of a deficiency in their federal income tax liability for 1976 in the amount of $23,715. The tax court determined the deficiency on the basis of its denial of certain deductions to a business partnership organization in which Frederick Prince[1] invested. Prince further appeals the tax court's imposition of interest (penalty), holding that the partnership's excessive deductions caused a substantial underpayment of taxes due to tax motivated transactions under 26 U.S.C. Sec. 6621(c). We affirm for the reasons articulated in the tax court's opinion.
 
 
 2
 Review of the tax court's findings is deferential, and we will not disturb them unless they are clearly erroneous. Cf. Durkin v. Commissioner, 872 F.2d 1271, 1276 (1989). Based upon the record in this case, we are convinced that the tax court's findings are proper. We agree with the tax court that the partnership's alleged purchase of "A Matter of Time" was an acquisition of an intangible contract interest rather than ownership of the film, since the partnership received merely a right to income with no control over the film and that the non-recourse note was properly excluded from the basis, as it lacked economic substance. See id. at 1275 ("It is axiomatic that the substance of a transaction rather than its form controls for federal tax purposes."). Since the non-recourse note was not bona fide debt (the only apparent purpose of the note was to raise the partnership's depreciable basis in "A Matter of Time"), the tax court properly found that the purported interest payments on it were investments in the intangible contract rights and thus includable in the depreciable basis rather than deductible as interest payments. Further, in view of the tax-motivated purpose of the non-recourse note, it was clearly not includable in the investment tax credit base.
 
 
 3
 In dealing with the appropriate depreciation method, the tax court noted that the taxpayers failed to demonstrate error[2] in the Commissioner's determination that the income-forecast method[3] was the correct method or to claim that the now-asserted straight-line method[4] should be the alternative to their erroneous usage of the sliding-scale method.[5] Notwithstanding Prince's reliance upon the tax court's assertion in Durkin v. Commissioner, 87 T.C. 1329, 1373 (1986), aff'd, 872 F.2d 1271 (7th Cir.), cert. denied, 110 S.Ct. 84 (1989), that "the straight-line method of depreciation is to be used in all cases where the taxpayer has not adopted a different acceptable method of computing the depreciation expense of a depreciable asset," we did not address that issue when affirming Durkin. We also decline to so hold today. Since the income-forecast method is an acceptable method that realistically relates the depreciation deductions to the income produced in the year the deduction is claimed, the tax court did not err as a matter of law in applying it.
 
 
 4
 The tax court was not clearly erroneous in denying the partnership deductions for expenses incurred in regard to the production services films, as the partnership performed none of the production services. And finally, Prince has failed to cite authoritative case law for his proposition that the tax court may not impose penalty interest in response to a motion or to demonstrate that such interest was appropriate here. Penalty interest pursuant to 26 U.S.C. Sec. 6621(c) was proper in view of the tax motivated nature of the transactions at issue, which were largely a sophisticated attempt on the part of the partnership at constructing a private tax shelter. While Congress has the authority to designate what business deductions are legitimate tax shelters, private individuals do not. In the absence of a congressional mandate, we refuse to create a tax subsidy of this nature for the motion picture industry. The decision of the tax court is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Diana Prince is a party to this case, since she filed a joint income tax return with her husband in 1976. Hence, we will refer to Prince as the taxpayer
 
 
 [2]
 Taxpayers have the burden of overcoming the presumption of validity that attaches to the Commissioner's determinations of income tax deficiencies. Fairmount Park Raceway, Inc. v. Commissioner, 327 F.2d 780 (7th Cir.1964). The presumption attaches to determinations of the appropriate depreciation method as well, since the method used will affect the amount of the deficiency
 
 
 [3]
 In using the income-forecast method, a business calculates its depreciation "by multiplying its basis by a fraction, the numerator of which is the income from the film less distribution expense and the denominator of which is the forecasted total income to be derived from the film during its useful life." Gordon v. Commissioner, 766 F.2d 293, 296 (7th Cir.1985)
 
 
 [4]
 The straight-line method Prince requests would allow equal deductions of depreciation over the useful life of the film, which the partnership estimated at two and one-half years. See KIRO, Inc. v. Commissioner, 51 T.C. 155, 173 (1968). As the government notes, adoption of the straight-line method at this point would require evidence of the useful life of the film
 
 
 [5]
 The sliding-scale method provides for graduated deductions of depreciation in relation to the amount of income anticipated, in order to allow for greater deductions in the years of the greatest income. For example, when a film is expected to have seven television runs, with the majority of the revenues coming from the first showing, the sliding scale method would allocate the majority of the depreciation to the first run. See KIRO, 51 T.C. at 171